## J. T. MORRIS GOODLOE v. PHYSIATRIC INSTITUTE.

### Decided May 15, 1924.

Pleadings—Counter-claims—Motion to Strike Out—Plaintiff was Official in Defendant Company—Counter-claim for Money Paid Plaintiff Firm Alleged to Have Been Unearned—Application Denied Without Costs.

On motion to strike out counter-claim.

Before Justice Parker, at chambers.

For the plaintiff, *Oliver K. Day.*

For the defendant, *Harold A. Price.*

Per Curiam.

Plaintiff sued for compensation and expenses as secretary and treasurer and business manager of defendant corporation, allowing certain credits, and claiming a balance of $2,616.84, with interest. The answer makes certain demands not here material, and adds a twofold counter-claim. The first part of it is against plaintiff alone, and charges that while acting as an official of defendant he made in that authority certain payments of its fund, $1,000 to himself and $3,784.13 to a firm of accountants of which he was a member, also that defendant paid for him certain small incidental items. To this branch of the counter-claim no objection is made. The second branch of the counter-claim brings in evidently under section 12 of the Practice act of 1912 and rules 65-68 of this court the firm of accountants just mentioned, consisting of plaintiff and several others. It sets up, in substance, that defendant engaged this firm to set up a system of bookkeeping and that the firm deputed plaintiff to attend to the details; that plaintiff was also made secretary-treasurer of defendant; that the firm sent in bills aggregating $2,784.13 which no officer of defendant ever

saw, except plaintiff; that this firm did not do the work contracted for and was not entitled to that money; but though charged with notice of this through plaintiff as a partner, they received through plaintiff the $2,784.13 and $2,000 besides, this last being for work done by plaintiff as an officer and employe of defendant and for which work he was otherwise paid; that none of this money was earned by the firm, and none would have been paid if other officers of defendant had known about it. Defendant demands of the firm the $4,784.13.

This part of the counter-claim the plaintiff seeks to eliminate* as importing into the record issues which do not properly belong there, including the question whether the partnership *qua* partnership performed its contract.

Section 12 of the Practice act of 1912 provides that, in the discretion of the court, * * * if the counter-claim cannot be conveniently disposed of in the pending action, the court may strike out. And this I am asked to do.

The case of *Reveruzzi* v. *Caruso,* 86 *N. J. L.* 556, is relied on, but that was a set-off by one of several defendants, and, I think, is not in point. In *Kelly* v. *Failonte Iron and Steel Co.,* 87 *Id.* 567, the court, in its discretion, struck out of a suit, for the price and value of goods sold, a counter-claim of malicious prosecution in beginning a replevin for these goods. This was supported (*p.* 571) as a proper exercise of discretion, in that the claim could not be conveniently tried at the same time as the plaintiff's claim for goods sold. This, I think, is the practical test. Applying it to the case at bar, the record makes it fairly plain that practically all the connection of this firm of accountants with the defendant was through the plaintiff, who as their representative took charge of and managed the accounts, and to some extent the financial affairs of defendant; what plaintiff knew the partners were bound to know; what he did in their interest they were chargeable with. As the case stands before me on this motion, I am unable to say that the counter-claim "cannot be conveniently disposed of" in this action. It may well be that when the suit comes to a trial, the court may find the

evidence creates a confusion of issues, and in that event the very section relied on empowers the court to order separate trials. But, on the face of things at this time, the case seems to be one for the application of the enormously enlarged scope of joinder of action, which it is the manifested purpose of the 1912 act to promote.

Taking this view of the case, the motion to strike out the second counter-claim must be denied, leaving the limitation of trial issues fully within the discretion of the trial judge. But as this motion is a proper one to make at this time, no costs would be allowed.